## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

FILED BY ___AP___
Mar 10, 2017
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

March 10, 2017

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 16-15383-FF
Case Style: Donna Watts v. Pablo Camacho, et al
District Court Docket No: 1:15-cv-21271-RNS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 16-15383

_____

District Court Docket No.
1:15-cv-21271-RNS

TROOPER DONNA JANE WATTS,

                                          Plaintiff - Appellee,

versus

CITY OF MIAMI, et al.,

                                          Defendants,

OFFICER PABLO CAMACHO,
OFFICER ROSHAN MILLIAGAN,
OFFICER JESUS PEDRAZA,
OFFICER JAMIE RAMIREZ,
OFFICER DAVID CISERNO,

                                          Defendants - Appellants.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 08, 2017
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 03/10/2017**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15383
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-21271-RNS

TROOPER DONNA JANE WATTS,

                    Plaintiff - Appellee,

versus

CITY OF MIAMI, et al.,

                    Defendants,

OFFICER PABLO CAMACHO,
OFFICER ROSHAN MILLIAGAN,
OFFICER JESUS PEDRAZA,
OFFICER JAMIE RAMIREZ,
OFFICER DAVID CISERNO,

                    Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2017)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-appellants Pablo Camacho, David Cisnero, Roshan Milligan, Jesus Pedraza, and Jaime Ramirez ("Defendants") appeal from the district court's denial of their motion for summary judgment on the basis of qualified immunity in favor of Plaintiff-appellee Donna Watts. Watts's complaint alleged, among other things, that the Defendants violated the Driver's Privacy Protection Act (DPPA), 18 U.S.C. §§ 2721–25, by accessing her information in the Driver and Vehicle Information Database (DAVID) maintained by the Florida Department of Highway Safety and Motor Vehicles (DHSMV). On appeal, the Defendants argue that the district court erred in denying them immunity from Watts's claims because either: (1) their DAVID accesses were permissible uses enumerated in the DPPA; or, if not, (2) it was not clearly established that their accesses were not permissible under the DPPA. After thorough review, we reverse and remand.

We review de novo the district court's decision on a motion for summary judgment based on qualified immunity. Terrell v. Smith, 668 F.3d 1244, 1249–50 (11th Cir. 2012). We resolve all issues of material fact in the plaintiff's favor and approach the facts from the plaintiff's perspective. Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002). "We then answer the legal question of whether the defendant is entitled to qualified immunity under that version of the facts." Id. (quotation and alterations omitted).

The relevant facts are these. On October 11, 2011, Watts -- a trooper with the Florida Highway Patrol -- pulled over a uniformed but off-duty City of Miami police officer driving a marked police car. Watts cited him for reckless driving, and, during the stop, pulled her gun on the officer and handcuffed him. The incident was highly publicized and a video of the stop appeared on YouTube. Soon afterward, Watts began receiving online threats, numerous hang-up telephone calls on her unlisted home and cellular phones, and other forms of harassment. Watts contacted the DHSMV to ascertain whether law enforcement officers had accessed her DAVID information, and received a report that over 88 law enforcement officers, including the Defendants, had indeed accessed her information.

Following the issuance of that report, which was also provided to the City of Miami, the City's Internal Affairs Section began an investigation into the Defendants' access of Watts's information. As part of the investigation, the Defendants were interviewed. They all claimed that they performed a DAVID query as part of their official duties. The officers said that because Watts had pulled her weapon on a police officer, they wanted to be able to identify her for their own safety, and so needed to see her DAVID picture. The records show, however, that the officers scrolled through multiple pages of information after seeing the Plaintiff's picture. At the end of the investigation, each of the officers

was cited for performing an unauthorized search of DAVID which was not for law enforcement or criminal justice purposes, and was officially reprimanded (although no punishment issued).

Watts filed a number of civil suits against over 100 defendants for accessing her personal information through DAVID; this case is the only one of Watts's actions that is still pending. In the course of this case's proceedings, Watts stipulated to the dismissal of all other claims and defendants except her DPPA claims against the Defendants and the City of Miami. All of the parties moved for summary judgment on these claims, and the district court denied all the motions. The Defendants timely filed this interlocutory appeal as to the court's denial of their motion for summary judgment on the specific ground of qualified immunity.

Qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." McCullough v. Antolini, 559 F.3d 1201, 1205 (11th Cir. 2009) (quotation omitted). In order to receive qualified immunity, a defendant "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991) (quotation omitted). Once the defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to

show that qualified immunity is not appropriate. See id. To ascertain whether an official is entitled to qualified immunity, we must "evaluate whether Plaintiffs' allegations, if true, establish a violation of a constitutional or statutory right," and if so, whether that right was "clearly established" such that it "provided fair warning to [the Defendants] that they were violating the law." Collier v. Dickinson, 477 F.3d 1306, 1308, 1311 (11th Cir. 2007) (citing Hope v. Pelzer, 536 U.S. 730, 731 (2002)). Courts may take up these two steps in either order. Brooks v. Warden, 800 F.3d 1295, 1306 (11th Cir. 2015).

When considering whether an official "would have known that his actions were prohibited by the law at the time he engaged in the conduct in question," "[t]he standard is one of objective reasonableness." Collier, 477 F.3d at 1311. Our Circuit uses two methods to determine whether a reasonable officer would know that his conduct violates federal law. The first "looks at the relevant case law at the time of the violation; the right is clearly established if a concrete factual context exists so as to make it obvious to a reasonable government actor that his actions violate federal law." Fils v. City of Aventura, 647 F.3d 1272, 1291 (11th Cir. 2011) (quotation and brackets omitted). The second "looks not at case law, but at the officer's conduct, and inquires whether that conduct lies so obviously at the very core of what the [law] prohibits that the unlawfulness of the conduct was

readily apparent to the officer, notwithstanding the lack of fact-specific case law." Id. (quotation and brackets omitted).

It is uncontested that the Defendants in this case were acting within their discretionary authority as police officers when they accessed Watts's DAVID information. Thus, the burden shifted to Watts to show that they violated a statutory right -- here, her rights under the DPPA. To establish a violation of the DPPA, a plaintiff must show "that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted." Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1111 (11th Cir. 2008). "The plain meaning of the third factor is that it is only satisfied if [it is] shown that obtainment, disclosure, or use was not for a purpose enumerated under § 2721(b)"; "the burden [to show this] is properly upon the plaintiff." Id. at 1111–12.

In this appeal, the Defendants do not contest that they (1) knowingly obtained Watts's personal information (2) from a motor vehicle record. They argue, however, that Watts failed to show that they obtained her information for an impermissible purpose. They also argue that even if their purpose was impermissible under the DPPA, Watts has failed to show that such impermissibility was sufficiently established to warrant denying them qualified immunity.

6

As the record shows, the district court concluded that Watts established a triable issue of fact as to whether the Defendants violated her DPPA rights, but the court did not specify what the potential impermissible purpose was. The district court also concluded that the Defendants' actions were clearly prohibited by the DPPA based on Circuit precedent that said that "[t]he words of the DPPA alone are 'specific enough to establish clearly the law applicable to particular conduct and circumstances and to overcome qualified immunity.'" Collier, 477 F.3d at 1312 (quoting Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002)).

We are compelled to conclude that the district court erred. Collier is not sufficiently similar to the facts at issue in this case as to constitute "relevant case law" that put the officers on notice, nor did it lay down a general rule that violations of the DPPA are always violations of clearly established law. This Court in Collier addressed a situation in which executive-level DHSMV officials were selling driver records to third-party mass marketers without the consent of the drivers. Id. at 1307. We concluded that this was a violation of clearly established law, because "[t]he language of Sections 2721(b)(11)–(13) unambiguously requires the consent of individuals before their motor vehicle record information may be released" for sale to marketers. Id. at 1310–11. This is very different from the Defendant's behavior in this case, where the officers obtained information about Watts for their own use.

Moreover, Collier does not stand for the principle that all DPPA violations are so obviously clear that qualified immunity can never protect an official from suit under the DPPA. Rather, Collier represents the more common sense judgment that where a violation is readily apparent from the plain language of an act, the plaintiff need not point to any particular case addressing the obvious import of the statute. This Court found it clear from the DPPA's text that consent was required for information released to marketers. Id. at 1310 ("[T]he protections offered by the statute are clear and specific."). But as we've said before, "[o]bvious clarity cases are 'rare' and present a 'narrow exception' to the general rule of qualified immunity." Gilmore v. Hodges, 738 F.3d 266, 279 (11th Cir. 2013) (quotation and citation omitted). To fall into this category, a prohibition must be so clear that "no reasonable officer could have believed that [the Defendants'] actions were legal." Lee v. Ferraro, 284 F.3d 1188, 1199 (11th Cir. 2002).

It is not obviously clear that an officer obtaining the information for his own use is not within the permissible use of § 2721(b)(1), "use by any government agency, including any court or law enforcement agency, in carrying out its functions," or of § 2721(b)(14), "any other use specifically authorized under the law of the State that holds the record, if such use is related to . . . public safety." To overcome the qualified immunity defense under this standard, Watts was required to show that no reasonable officer in the Defendants' position could have believed

8

that he was accessing her DAVID information for a permissible use under the DPPA. Watts never made this showing, and the district court, nonetheless, misapplied Collier to conclude that all DPPA violations are obviously clear, and did not otherwise address the issue.

On appeal, Watts has only argued that "officer safety" was not the true purpose of the officers' DAVID accesses. Importantly, however, she has not explicitly alleged, much less carried her burden to show, that the Defendants obtained the information for a purpose clearly not permitted by the DPPA. See Thomas, 525 F.3d at 1111–12 (A plaintiff must show "that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted." . . . [The plaintiff] argues that the permissible uses . . . function as statutory exceptions and, therefore, the defendants should carry the burden of proof to secure entitlement of such exceptions. We disagree."); Gilmore, 738 F.3d at 272 (explaining that once the defendant has established that he was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to show a violation of a clearly established right).

In short, "[i]n the absence of [any] caselaw to the contrary, [the Defendants], though [possibly] mistaken, could have reasonably believed" that their DAVID accesses were permitted uses under the DPPA. Dukes v. Deaton, __ F.3d __, 2017 WL 370854, *5 (11th Cir., Jan. 26, 2017). We, therefore, agree with the

Defendants that Watts did not show that the officers had "clear notice . . . that [accessing] the information in question violated federal law." Collier, 477 F.3d at 1311–12. Because Watts failed to show that the officers accessed her information for a purpose that was clearly not permitted by the DPPA, we need not address whether their actual purpose was permitted under the DPPA.[1]  Accordingly, we conclude that the district court erred in denying the Defendants qualified immunity. We reverse and remand to the district court for entry of judgment in favor of the Defendants.

**REVERSED and REMANDED.**

---

[1] The only purpose discussed in this case that might have met the "clearly established" threshold was harassment of Watts. But as the district court noted in its summary judgment order, Watts "[did] not link[ ] the harassment to these officers," and even on appeal, Watts only notes that she "cannot rule out whether any of the police officers named in this case used the information he or she accessed from DAVID to further stalk or otherwise threaten or harass her." Because Watts does not make the argument that the Defendants' purpose was to harass her, the Defendants cannot be denied summary judgment on that ground. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 08, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-15383-FF
Case Style: Donna Watts v. Pablo Camacho, et al
District Court Docket No: 1:15-cv-21271-RNS

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellee.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Janet K. Mohler, FF at (404) 335-6178.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs